MAX SATTLER, RESPONDENT, v. LOUIS GOTT AND JULIA GOTT, APPELLANTS.

Submitted January 29, 1926—Decided May 4, 1926.

A broker who, under oral contract, secures a purchaser of real estate for the owner, able, willing and ready to purchase the property on the terms prescribed by the owner, has made a "sale" of the property which would entitle him to his commission under the

statute if his employment had been in writing, but which does not entitle him to such commission without such writing unless he has met one of the provisos in the tenth section of the statute of frauds as amended in 1918. *Pamph. L., p.* 1020.

On appeal from the District Court.

Before Justices PARKER, MINTURN and BLACK.

For the appellants, *Charles Rubenstein.*

For the respondent, *I. Faerber Goldenhorn.*

The opinion of the court was delivered by

PARKER, J.  This is a broker's suit for commissions against the owners employing him.  The contract of employment is not in writing and the broker resorted to the alternative provisions of the tenth section of the statute of frauds as amended in 1918.  *Pamph. L., p.,* 1020.  This statute is abstracted in *Baron* v. *Wisnowski, ante, p.* 46.  As in that case, there was here no "actual sale."  The owners refused to convey.  The court below gave plaintiff a judgment.

We consider that this case is controlled by Baron *v.* Wisnowski.  It is speciously argued that the evidence shows that the broker was not employed to effect a sale, but to "procure a purchaser" able, ready and willing to purchase the property at the price fixed, and that such an employment is not within the statute.  But it has been many times held that the word "sale," under the tenth section, in its original form, means nothing more than the mere bringing together of seller and purchaser, on price, terms and ability to perform.  *Resky* v. *Meyer,* 98 *N. J. L.* 168, 171, *et seq.,* and cases cited.  In the Baron case we differentiated between "sale" in the first part of the amended act, and "actual sale" in the provisos.  The broker in the present case effected a "sale" by procuring his purchaser as claimed, and it is idle to argue that his accomplishment was anything else.  The case was clearly within the first clause of the statute, and it was error to award judgment in favor of the broker.  Let the judgment be reversed and judgment for defendant entered in this court, with costs.